UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DERIC C. SMITH, SR.                                                                                          PETITIONER
ADC #179678

V.                                    No. 4:23-CV-01111-DPM-BBM

DEXTER PAYNE, Director,                                                                                   RESPONDENT
Arkansas Division of Correction

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. BACKGROUND

On October 21, 2021, a jury in the Circuit Court of Jefferson County, Arkansas, in Case Number 35CR-20-336-1, convicted Deric C. Smith, Sr. ("Petitioner") of Capital Murder and Battery in the First Degree; Smith received multiple sentences, including life without parole. (Doc. 1 at 16-18). Smith is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Corrections.

A review of the docket in Smith's state court case shows a direct appeal pending in front of the Arkansas Supreme Court on the convictions in question.[1] Briefs have not yet been submitted, and, on November 2, 2023, the Arkansas Supreme Court denied the State's request to dismiss the appeal. Nonetheless, on November 20, 2023, Smith filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 before this Court. (Doc. 1).

## II. DISCUSSION

Rule 4 of the Federal Rules Governing Section 2254 Cases states that the Court must dismiss a petition after initial review if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Furthermore, an application for a writ of habeas corpus pursuant to § 2254 shall not be granted unless it appears that the applicant has exhausted "the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b); *see also Coleman v. Thompson*, 501 U.S. 722, 730 (1991) ("[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts a fair opportunity to review his claims and "provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* at 842. Giving the state courts an

---

[1] The state court records can be found on Arkansas Court Connect (https://caseinfo.arcourts.gov), under case numbers CR-22-715 (appeal) and 35CR-20-336 (trial).

opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*Id.* at 845.

Arkansas state courts have both a direct and a postconviction appellate process available to state prisoners seeking relief from their sentences. There is no question that these processes are available to Petitioner, as he is currently availing himself of the state-appellate process. Therefore, because Smith has failed to exhaust his state-court remedies as required under 28 U.S.C. § 2254(b)(1)(A), his Petition for Writ of Habeas Corpus is premature.

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner Deric C. Smith Sr.'s Petition for Writ of Habeas Corpus (Doc. 1) be DENIED without prejudice pursuant to 28 U.S.C. § 2254(b)(1)(A) for failure to exhaust his available State remedies.[2]

---

[2] Because Petitioner does not present any exhausted claims in the present petition, the "stay-and-abeyance" procedure is inapplicable. *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005).

2. Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, no certificate of appealability should be issued.

DATED this 2nd day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE